UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| AVEL C. CAIREL and RODOLFO C. CAIREL, wife and husband as Joint Tenant,<br><br>Plaintiffs,<br><br>vs.<br><br>HSBC MORTGAGE CORPORATION, a Business Entity, form unknown; et al.,<br>,<br><br>Defendants. | Case No: C 10-04172 SBA<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE**<br><br>Docket 6 |

The parties are presently before the Court on Defendant First American Lenders Advantage's motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 6. Having read and considered the papers filed in connection with this motion, which is unopposed, and being fully informed, the Court hereby GRANTS the motion and dismisses the action. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

**I.      BACKGROUND**

Plaintiffs, acting pro se, filed the instant mortgage fraud action in this Court on September 16, 2010, against First American Lenders Advantage ("First American") and several other defendants. Dkt. 1. The Complaint alleges federal claims for violations of the federal Truth in Lending Act and the Real Estate Settlement Procedures Act, as well as various state law causes of action.

The case initially was assigned to Magistrate Judge Laurel Beeler. First American, the only defendant served with a summons and complaint, consented to the jurisdiction of a magistrate judge. Dkt. 5. On November 15, 2010, Magistrate Judge Beeler issued an order

noting that Plaintiffs had not consented or declined to proceed before her, and therefore, ordered them to file the consent/declination form by no later than November 26, 2010.  Dkt. 9.  Plaintiffs failed to comply with that order, which resulted in the reassignment of the case to this Court on December 13, 2010.  Dkt. 13.

First American has now filed a motion to dismiss, which is noticed for hearing on March 15, 2011.  Dkt. 6.  Under Local Rule 7-3, any opposition or statement of non-opposition must be filed by no later than twenty-one days before the noticed hearing date.  As such, Plaintiffs' response to the instant motion should have been filed by no later than February 22, 2011.  Paragraph 8 of the Court's Standing Orders expressly warns as follows: "**Effect of Failing to Oppose a Motion**:  The failure of the opposing party to timely file a memorandum of points and authorities in opposition to any motion or request shall constitute a consent to the granting of the motion."  Dkt. 14 at 2.  Notwithstanding the requirements of Civil Local Rule 7-3, and the Court's warning, Plaintiffs have filed nothing in response to First American's motion.

## II.   DISCUSSION

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."  Ferdik v. Bonzelet  963 F.2d 1258, 1260 (9th Cir. 1992).  As such, the failure to file an opposition to a motion to dismiss in the manner prescribed by the Court's Local Rules is grounds for dismissal.  Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

In the instant case, the Court finds that the above-referenced factors weigh in favor of dismissal.  With regard to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal."  Yourish v. Cal. Amplifier, 191 F.3d 983,

1  990 (9th Cir. 1999).  This is particularly true in the instant case, where Plaintiffs have failed
2  to oppose First American's motion to dismiss, failed to file the consent/declination form as
3  ordered by Magistrate Judge Beeler, and failed to effect service on any of the other
4  defendants.
5      The second factor, which concerns the Court's need to manage its docket, also
6  militates in favor of dismissal.  See Pagtalunan, 291 F.3d at 642 ("It is incumbent upon the
7  Court to manage its docket without being subject to routine noncompliance of litigants");
8  Yourish, 191 F.3d 983, 990 (9th Cir. 1999) (recognizing court's need to control its own
9  docket); see also Ferdik, 963 F.2d at 1261 (non-compliance with a court's order diverts
10 "valuable time that [the court] could have devoted to other major and serious criminal and
11 civil cases on its docket.").
12     The third factor, the risk of prejudice to the defendants, generally requires that "a
13 defendant … establish that plaintiff's actions impaired defendant's ability to proceed to trial
14 or threatened to interfere with the rightful decision of the case."  Pagtalunan, 291 F.3d at,
15 642.  At the same time, the Ninth Circuit has "related the risk of prejudice to the plaintiff's
16 reason for defaulting."  Id.  Here, Plaintiffs have offered no explanation for their failure to
17 respond nor is any apparent from the record.  These facts also weigh strongly in favor of
18 dismissal.  See Yourish, 191 F.3d at 991; Ghazali, 46 F.3d. at 54.
19     As to the fourth factor, the Court has already considered less drastic alternatives to
20 dismissal.  As noted, the Court's Standing Orders warn that as a consequence of a party's
21 failure to oppose a motion, the Court will construe such inaction as a consent to the
22 granting of the unopposed motion.  "[A] district court's warning to a party that failure to
23 obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic
24 sanctions]' requirement."  Ferdik, 963 F.2d at 1262.
25     The final factor, which favors disposition of cases on the merits, by definition,
26 weighs against dismissal.  Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of
27 cases on the merits.  Thus, this factor weighs against dismissal.").
28

### III. CONCLUSION

In sum, the Court concludes that four of the five relevant factors weigh strongly in favor of granting First American's unopposed motion and dismissing the action in its entirety. Id. (affirming dismissal where three factors favored dismissal, while two factors weighed against dismissal).[1] Accordingly,

IT IS HEREBY ORDERED THAT Defendant First American's unopposed motion to dismiss is GRANTED, and the instant action is DISMISSED without prejudice. The Clerk shall close the file and terminate all pending matters and deadlines. The hearing scheduled for March 15, 2011, is VACATED.

IT IS SO ORDERED.

Dated: March 4, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[1] The rationale for dismissing this action applies equally to the remaining, unserved defendants. See Abagninin v. AMVAC Chem. Corp., 545 F.3d 733, 742-43 (9th Cir. 2008) ("As a legal matter, we have upheld dismissal with prejudice in favor of a party which had not appeared, on the basis of facts presented by other defendants which had appeared.").

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

AVEL C. CAIREL et al,

        Plaintiff,

  v.

HSBC MORTGAGE CORPORATION et al,

        Defendant.
                                      /

Case Number: CV10-04172 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 4, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Avel C. Cairel
705 Nightingale Street
Livermore, CA 94551

Rodolfo N. Cairel
705 Nightingale Street
Livermore, CA 94551

Dated: March 4, 2011

                                      Richard W. Wieking, Clerk

                                      By: LISA R CLARK, Deputy Clerk